UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Health and Welfare Fund, Gary Reed and John Nesse as Trustees of the Minnesota Laborers Pension Fund, James Brady and Martha Henrickson as Trustees of the Minnesota Laborers Vacation Fund, Gary Reed and John Bartz as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dan Olson and Chris Born as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust,<br><br>      Plaintiffs,<br><br>v.<br><br>Construction Cleaning Specialists LLC,<br><br>      Defendant. | Case No: 15-CV-68 (PAM/JJK)<br><br><br><br>**ORDER FOR**<br>**DEFAULT JUDGMENT** |

This matter was heard before the undersigned on July 30, 2015. Amy L. Court of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. Robert Wollesen appeared on behalf of the Defendant.

1

# FINDINGS OF FACT

1. The Complaint was filed with the Court on January 12, 2015.

2. The Complaint was served Construction Cleaning Specialists LLC. ("Construction Cleaning") on January 22, 2015.

3. Construction Cleaning failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Construction Cleaning to answer the Complaint lapsed.

4. The Clerk entered default on February 13, 2015.

5. Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

6. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

7. The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

8.  The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

9.  Construction Cleaning accepted and agreed to be bound to the terms of a collective bargaining agreement between a multi-employer bargaining committee of Commercial Cleaning Contractors and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated Unions with a term of May 1, 2010 through April 30, 2013 ("CBA").

10. The CBA contains an evergreen clause which provides that failure to give notice of intent to terminate or amend the CBA shall cause the CBA to automatically renew for a period of twelve months.  As such, Construction Cleaning is bound to the CBA through at least April 30, 2014.

11. The CBA requires Construction Cleaning to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBAs for each hour worked by employees covered by the CBAs.

12. The CBA requires Construction Cleaning to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with their monthly payment to the Funds.

13. The CBA states that Construction Cleaning shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

14. Finally, the CBA requires Construction Cleaning to promptly furnish to the Trustees of the Funds or their authorized agents on demand, a complete set of all relevant employment and payroll records, including but not limited to federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state-required quarterly reports, time cards, payroll and check registers.

15. The Funds' authorized agent requested that Construction Cleaning provide its employment and payroll records for the period of January 1, 2013 through April 30, 2014 ("Audit Period").

16. Construction Cleaning breached the terms of the CBA by refusing to provide the requested records for the Audit Period.

17. Without the employment and payroll records, the Funds have no way of determining the amount due for the Audit Period.

18. The CBA provides that if a payment for contributions is not submitted to the Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

19. Liquidated damages due and owing to the Funds for the Audit Period cannot be determined until the relevant employment and payroll records are submitted by Construction Cleaning.

20. Finally, the Collective Bargaining Agreement further provides that a delinquent employer shall be required to pay all reasonable attorneys' fees and court costs incurred by the Funds.

## CONCLUSIONS OF LAW

1. Construction Cleaning in default and the Funds are entitled to entry of a default judgment.

2. After Construction Cleaning submits the employment and payroll records for the Audit Period, Construction Cleaning is liable to the Funds for all fringe benefit contributions and associated liquidated damages found to be due and owing.

3. Construction Cleaning is liable, in an amount to be determined, for the Funds' reasonable attorneys' fees and costs incurred in pursuing the delinquent contributions.

## ORDER

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion for Default Judgment (Docket No. 10) is **GRANTED**.

2. Defendant is **ORDERED** to submit the all of its employment and payroll records for the Audit Period pursuant to the CBA necessary for the Plaintiffs to conduct the requested audit.

3. The Court further **DECLARES** that Defendant is liable to the Plaintiffs for:

   a. Delinquent contributions and liquidated damages due and owing for the Audit Period, pursuant to the CBA; and

    b.    The Plaintiffs' reasonable attorneys' fees and costs incurred in pursuing delinquent contributions.

4.    The Court will determine the amount of contributions, liquidated damages, and attorneys' fees and costs as follows:

    a.    After concluding the audit, the Plaintiffs may file and serve a Motion for Entry of a Money Judgment in the amount the Plaintiffs determine that Defendant owes for delinquent contributions and liquidated damages, as well as reasonable attorneys' fees and costs.

    b.    Defendant may then file and serve a response to the Plaintiffs' Motion within ten (10) days of the date the Plaintiffs' Motion is served.

    c.    The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate. No hearing will be held unless the Court orders otherwise.

Dated: <u>September 1, 2015</u>

                                                  *s/ Paul A. Magnuson*
                                                  Paul A. Magnuson
                                                  United States District Court Judge