UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Health and Welfare Fund, Gary Reed and John Nesse as Trustees of the Minnesota Laborers Pension Fund, James Brady and Martha Henrickson as Trustees of the Minnesota Laborers Vacation Fund, Gary Reed and John Bartz as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dan Olson and Chris Born as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust, | Case No. 15-cv-68 (PAM/JJK) |
| Plaintiffs, | |
| v. | **ORDER** |
| Construction Cleaning Specialists LLC, | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Motion for Entry of Judgment. Plaintiffs seek a default money judgment against Defendant Construction Cleaning Specialists LLC. The Court held a hearing on the Motion on December 22, 2016. Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for

and on behalf of the Plaintiffs. Robert Wollesen appeared on behalf of Construction Cleaning.

## FINDINGS OF FACT

1. The Complaint was filed with the Court on January 12, 2015.

2. The Complaint was served on Defendant Construction Cleaning on January 22, 2015.

3. Construction Cleaning failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Plaintiffs' counsel, and the time allowed by law for Construction Cleaning to answer the Complaint lapsed.

4. The Clerk entered default on February 13, 2015.  (Docket No. 8.)

5. The Court entered a default judgment on September 1, 2015, leaving for future determination the amount of damages to be awarded.  (Docket No. 21.)  In that Order, the Court made findings of fact that apply to the current Motion.  (Id. ¶¶ 5-14.)

6. The Funds' authorized agent requested that Construction Cleaning provide its employment and payroll records for the period of January 1, 2013, through April 30, 2014 ("Audit Period").

7. Construction Cleaning breached the terms of the CBA by refusing to provide the requested records for the Audit Period.

8. Following the filing of this lawsuit, this Court's Order on the Plaintiffs' Motion for Default Judgment and Injunction, and several additional Show Cause hearings, Construction Cleaning produced the required payroll and employment records for the Audit Period.

9. The Funds' Auditor reviewed the payroll and employment records prepared and maintained by Construction Cleaning, and determined that $12,312.96 is due and owing to the Funds for the Audit Period.

10. The CBA provides that if a payment for contributions is not submitted to the Funds on or before the fifteenth day of the month following the month for which the contributions are due, the employer is subject to a penalty in the amount of ten percent of the contributions as liquidated damages.

11. Liquidated damages in the amount of $1,231.30 is due and owing to the Funds for the Audit Period.

12. Additionally, the CBA provides that Construction Cleaning is liable to the Funds for interest charges on the unpaid contributions.

13. The Funds' Collection Policy further provides for the collection of interest at a rate equal to the actuarial assumed rate of return for the Minnesota Laborers Pension Fund plus .5 percent when an auditor determines a discrepancy of five percent or greater than the total contributions remitted by the employer in a 12-month period.

14. The current actuarial assumed rate of return for the Minnesota Laborers Pension Fund is 7.5 percent. As such, the Funds are entitled to interest on the unpaid contributions at a rate of 8 percent annually.

15. Interest in the amount of $3,105.36 is due and owing from Construction Cleaning for the Audit Period

16. Finally, the CBA further provides that a delinquent employer shall be required to pay all reasonable attorneys' fees and court costs incurred by the Funds.

17.     The Funds incurred $10,311.74 in attorneys' fees and costs in pursuing this delinquency. Those fees and costs were reasonable under the circumstances and limited to performing those services necessary for the prosecution of the claims.

## CONCLUSIONS OF LAW

1.      Construction Cleaning is in default and Plaintiffs are entitled to entry of judgment.

2.      Construction Cleaning is liable to the Funds in the amount of $12,312.96 for unpaid contributions for the Audit Period.

3.      Construction Cleaning is liable to the Funds in the amount of $6,210.72 for double interest for the Audit Period.

4.      Construction Cleaning is liable to the Funds in the amount of $10,311.74 for attorney's fees and costs for the Audit Period.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion for Entry of Judgment (Docket No. 47) is **GRANTED**; and

2. The Clerk shall enter judgment in the amount of $28,835.42 against Construction Cleaning and in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 29, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge